UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA * | CRIMINAL NO. | 6:23-cr-00269-DCJ-CBW |
| * | | |
| VERSUS * | 18 U.S.C. §§ 2, 371, 666, 981 | |
| * | 28 U.S.C. § 2461 | |
| JOSEPH PREJEAN * | | |

**BILL OF INFORMATION**

THE UNITED STATES CHARGES:

AT ALL TIMES MATERIAL HEREIN:

1.  The defendant, JOSEPH PREJEAN ("PREJEAN"), was a resident of Church Point, Louisiana, within the Western District of Louisiana, and was a businessman who owned several companies, to include C & A Consulting Services, LLC ("C&A Consulting"), a registered Louisiana Limited Liability Company, that marketed a series of online courses to the 15th Judicial District Attorney's Office.

2.  Beginning at least on or about January 11, 2021, until at least on or about May 9, 2022, co-conspirator Dusty Guidry, was an agent for the 15th Judicial District Attorney's Office located within the Western District of Louisiana, and the State of Louisiana.

3.  Public Official #1 ("PO-1") was an employee and agent of the 15th Judicial District Attorney's Office during at least on or about January, 2021, until at least on or about May, 2022.

1

4. PREJEAN and Guidry acted in concert with, and under the direction of, PO-1, who was an employee and agent of the 15th Judicial District Attorney's Office, with ultimate authority over the Pretrial Diversion Program ("the Program") of that office.

5. The 15th Judicial District Attorney's Office was an agency of the State of Louisiana that received in excess of $10,000 annually in benefits under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of assistance.

## COUNT 1
## CONSPIRACY TO COMMIT AN OFFENSE

### 18 U.S.C. §§ 371 and 666

**The Conspiracy**

6. The introductory allegations set forth in paragraphs 1 through 5 are realleged and incorporated by reference as though fully set forth herein.

7. Beginning on a date unknown, but at least as early as the summer of 2021, and continuing until on or about December 8, 2021, the defendant, JOSEPH PREJEAN, did conspire, confederate, and agree with others both known and unknown to the United States, to commit the crime of paying a bribe to an agent of an organization or agency receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(2).

**Purpose of the Conspiracy**

8. It was a purpose of the conspiracy for PREJEAN, Dusty Guidry, PO-1, and others known to the United States, to enrich themselves by paying and offering

to pay money and things of value, from PREJEAN to Dusty Guidry and PO-1, in exchange for Dusty Guidry and PO-1 providing and agreeing to provide favorable official action for PREJEAN in his business dealings with the Program.

9. It was a further part of the conspiracy to hide, conceal, and cover up the true nature and scope of PREJEAN'S dealings with Dusty Guidry and PO-1, including the true source and nature of the payments PREJEAN provided, and agreed to provide, to Dusty Guidry and PO-1.

**Manner and Means of the Conspiracy**

10. The conspiracy was carried out through the following manner and means, among others:

11. Dusty Guidry and PO-1 used their positions within the 15th Judicial District Attorney's Office to unlawfully steer and attempt to steer participants in the Program to classes and services offered by C&A Consulting and PREJEAN in exchange for payments and other tangible benefits.

12. In exchange, PREJEAN provided money, and agreed to provide money, to Dusty Guidry and PO-1 specifically due to these actions and their official positions at the 15th Judicial District Attorney's Office.

**Overt Acts**

13. In furtherance of the conspiracy and to effect the objects of the conspiracy, PREJEAN and one or more of the conspirators committed and caused to be committed at least the following acts:

    a. In or about October 2021, PERSON 1 was a defendant in the 15th Judicial District with pending charges in Lafayette Parish (15th Judicial District),

and in St. Martin Parish (16th Judicial District).  PERSON 1 was enrolled in the Program and, as part of the enrollment, GUIDRY and PO-1 directed that PERSON 1 enroll in and take classes from C&A Consulting.

b.  In or about October 2021, PREJEAN corruptly solicited $25,000 from PERSON 1.  PREJEAN understood that GUIDRY and PO-1 were aware of his solicitation to PERSON 1.  $25,000 was then paid on PERSON 1's behalf to PREJEAN.

c.  During a subsequent phone conversation on or about October 27, 2021, PREJEAN advised GUIDRY that he had the "25 cash" [$25,000] from PERSON 1.  PREJEAN and GUIDRY then agreed to apportion the extorted $25,000 between themselves and PO-1.  The following day, PREJEAN corruptly paid approximately $12,500 to GUIDRY.  In making the bribe payment, PREJEAN and GUIDRY agreed that GUIDRY would pay a portion of the bribe to PO-1, who also used his/her official position to enroll Person 1 into the Program.

d.  Further, in or about September 2021, PERSON 2 was also a defendant in the 15th Judicial District with pending charges in Lafayette Parish (15th Judicial District), and an out-of-state prosecuting district.  PERSON 2 was enrolled in the Program.

e.  On or about September 20, 2021, PREJEAN corruptly solicited $20,000 from PERSON 2.  PREJEAN assured PERSON 2 that the money would ensure that GUIDRY and other officials would successfully graduate PERSON 2 from the Program.  PERSON 2 agreed to provide $20,000 in cash to PREJEAN.

Subsequently on September 29, 2021, PERSON 2 provided $20,000 in cash to PREJEAN.

All in violation of Title 18, United States Code, Sections 371 and 666.

## FORFEITURE ALLEGATION

14. The allegations contained above and in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and 666 as set forth in Count 1 this Information, the defendant, JOSEPH PREJEAN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

16. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Respectfully submitted:

BRANDON B. BROWN
United States Attorney

_____
MYERS P. NAMIE, LA. Bar No. 29359
DANIEL J. McCOY, La. Bar No. 29334
Assistant United States Attorney
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618


COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

_____ FOR
ROSALEEN T. O'GARA, AZ Bar No. 029512
TREVOR WILMOT, GA Bar No. 936961
Trial Attorneys, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-1412