U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 15 2023

TONY R. MOORE, CLERK
BY *LaCombe*
           DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | DOCKET NO. 6:23-CR-00269-01 |
| | * | JUDGE JOSEPH |
| VERSUS | * | MAGISTRATE JUDGE WHITEHURST |
| | * | |
| JOSEPH PREJEAN | * | |

## PLEA AGREEMENT

A.  INTRODUCTION

This document contains the complete plea agreement between the United States Attorney's Office for the Western District of Louisiana and the Public Integrity Section of the Criminal Division of the Department of Justice ( "the government"), and the defendant, JOSEPH PREJEAN. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.  THE DEFENDANT'S OBLIGATIONS

JOSEPH PREJEAN shall waive Grand Jury presentment of the charges filed in this case and appear in open court and plead guilty to the one (1) count Bill of Information pending in this case.

C.   THE GOVERNMENT'S OBLIGATIONS

1.   If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees that it will not prosecute the defendant for any other offense known to the government based on the investigation which forms the basis of the bill of information.

2.   The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D.   SENTENCING

JOSEPH PREJEAN understands and agrees that:

1.   The maximum punishment on Count 1 is a term of imprisonment of not more than five (5) years (pursuant to 18 U.S.C. § 371), a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571), or both;

2.   The defendant shall be required to pay a special assessment of $100, **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to Clerk, U.S. District Court;

3.   The defendant may receive a term of supervised release of up to three (3) years in length in addition to any term of imprisonment imposed by the Court;

4.   A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5.   The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6.   In addition to the penalties set forth in the preceding paragraphs, the Court may order the defendant to make restitution to the victim(s) in this case, and that the amount of restitution and method of payment is at the discretion of the Court;

7.   Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8.   The defendant expressly authorizes the government to immediately obtain a credit report on him to be used in consideration of his ability to pay restitution or fine that may be imposed by the Court;

9.   As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

10.  This case is governed by the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and their applicability with his counsel and understands and acknowledges

that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

11. The sentencing judge alone will decide what sentence to impose; and

12. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.  FORFEITURE

1. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past four years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to provide and/or consent to the release of the defendant's tax returns for the previous five years.

2. The defendant agrees to forfeit all interests in any bribery and/or conspiracy to commit bribery asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense.

3. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such

property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

    4.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

F.    ENTIRETY OF AGREEMENT

    This plea agreement consists of this document and any addenda attached hereto, including any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement and its addenda are a complete statement of the parties' agreement in this case. This agreement supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

G.  SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, JOSEPH PREJEAN. I concur in JOSEPH PREJEAN pleading guilty as set forth in this plea agreement.

Dated: 12/15/2023

_____
DONALD W. WASHINGTON
LA Bar No. 21402
Jones Walker
Post Office Box 3408
Lafayette, LA 70502
Telephone:  (337) 262-9000

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 12/15/2023

_____
JOSEPH PREJEAN
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

Dated: 12/15/23

_____
MYERS P. NAMIE, LA Bar No. 29359
DANIEL J. McCOY, LA Bar No. 29334
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618

COREY AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

Dated: 12/15/23

_____ FOR
ROSALEEN T. O'GARA, AZ Bar No. 029512
TREVOR WILMOT, GA Bar No. 936961
Trial Attorneys, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-1412